**UNITED STATES of America,**

v.

**Mendeep SINGH, Defendant.**

**No. CRIM.A. 02–214.**

United States District Court,
E.D. Pennsylvania.

Oct. 10, 2002.

Ann W. Chain, U.S. Attorney's Office, Philadelphia, PA, for U.S.

Kenneth C. Edelin, Federal Defenders Association, Philadelphia, PA, for Mendeep Singh.

### MEMORANDUM & ORDER

Katz, Senior District Judge.

Before the court is defendant's motion for a downward departure from the applicable guidelines range pursuant to U.S.S.G. § 5K2.0. For the reasons discussed below, the defendant's motion is granted and the defendant is sentenced to twenty-one months imprisonment.

### I. Background

On July 16, 2002, Mendeep Singh pled guilty to one count attempted illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Mr. Singh attempted to reenter the United States to visit his dying mother who passed away following the defendant's arrest. The defendant's criminal history category is IV and the total offense level is 17.[1] Absent a downward departure, the guideline range is 37 to 46 months imprisonment.

### II. Discussion

As the Supreme Court explained in *Koon v. United States*, 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), the Sentencing Commission established guidelines to apply only to a "heartland" of typical cases: "Atypical cases were not 'adequately taken into consideration,' and factors that may make a case atypical provide potential bases for departure." *Id.* at 94, 116 S.Ct. 2035 (citations omitted). A court may impose a sentence below the applicable guideline range if it finds "a mitigating circumstance of a kind, or to a

---

1. The base offense level of 8 was increased by 12 levels because the defendant was removed from the United States following conviction for a felony drug offense for which the sentence was 13 months or less. U.S.S.G. § 2L1.2(a); U.S.S.G § 2L1.2(b)(1)(B). The total offense level was then decreased by 3 levels because the defendant accepted responsibility in a timely fashion. U.S.S.G. § 3E1.1(a); U.S.S.G. § 3E1.1(b).

degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0. In evaluating a motion to depart downward, a court must first determine whether the departure factor is forbidden, discouraged, or unmentioned by the Guidelines. *See Koon*, 518 U.S. at 94–96, 116 S.Ct. 2035; *United States v. Iannone*, 184 F.3d 214, 226–27 (3d Cir.1999) (detailing 5K2.0 departure analysis to be employed after *Koon*); *United States v. Sally*, 116 F.3d 76, 80 (3d Cir.1997) (same). If the factor is forbidden, the court cannot use it as a basis for departure.[2] *See Koon*, 518 U.S. at 93, 116 S.Ct. 2035. If the factor is encouraged and not already taken into account by the applicable guideline, the court may depart on that basis. *See id.* at 96, 116 S.Ct. 2035. If the factor is discouraged,[3] encouraged but already taken into the account by the applicable guideline, or listed as an appropriate consideration in applying an adjustment, a court can depart "only if the factor is present to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *Koon*, 518 U.S. at 96, 116 S.Ct. 2035. If the factor is unmentioned, "the court must, after considering the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole ... decide whether [the factor] is sufficient to take the case out of the Guideline's heartland." *Iannone*, 184 F.3d at 226–27 (citation, punctuation omitted); *see also Koon*, 518 U.S. at 96, 116 S.Ct. 2035.

■ In the case presently before the court, the defendant attempted to reenter the United States for a week to visit his dying mother. The motives behind defendant's illegal activity make this case significantly different from an ordinary illegal reentry case. Furthermore, Mr. Singh did not intend to stay in the country indefinitely. According to the documentation attached to the defendant's motion, Mr. Singh purchased a round trip ticket which indicates his intention to return to Great Britain. The defendant arrived in this country on February 12, 2002—the date of his arrest—and was scheduled to depart on February 19, 2002. Mr. Singh's mother had brain surgery to remove a cancerous tumor on February 15, 2002, never regained consciousness, and died May 1, 2002. While the defendant clearly violated the law, the purpose behind Mr. Singh's illegal reentry and the brevity of his scheduled stay indicate a low level of culpability and takes this case out of the guideline's heartland.

Even though the government acknowledges this court's authority to depart from the applicable guideline range, the government opposes the defendant's motion and argues that good motives[4] do not provide

---

2. The factors that can never be used as a basis for departure are race, sex, national origin, creed, religion, socioeconomic status, lack of guidance as a youth, drug or alcohol dependence, and economic hardship. *See Koon*, 518 U.S. at 93, 116 S.Ct. 2035; *see also* U.S.S.G. §§ 5H1.4, 5H1.10, 5H1.12.

3. The discouraged factors are age; education and vocational skills; mental and emotional conditions; physical condition or appearance; employment record; family and community ties and responsibilities; military, civic, charitable or public service, employment-related contributions, and similar good works; and

subjection to coercion or duress. *See* U.S.S.G. §§ 5H1.1–1.6, 5H1.11, 5K2.12; *see also Iannone*, 184 F.3d at 227 n. 10 (listing discouraged factors).

4. The government implies that the defendant's proffered reason for returning to the United States may be disingenuous. According to the government, the defendant could have easily changed his ticket in order to stay indefinitely in this country. While it is impossible to be certain of defendant's motives, this court finds that the defendant's itinerary and its relationship to the date of surgery shows that the defendant hastily made arrangements

a general basis for departure. According to the government, the defendant is "essentially" seeking a departure due to family ties and responsibilities. While the government is correct that family ties and responsibilities are not ordinarily relevant factors in determining whether to depart from the applicable guideline range, *see* U.S.S.G. § 5H1.6, the guidelines permit departure where a combination of factors remove a case from the "heartland" even though none of the factors standing alone would distinguish the case from the norm. *See Koon,* 518 U.S. at 113–14, 116 S.Ct. 2035. *See also United States v. Dominguez,* 296 F.3d 192 (3d Cir.2002) (finding that a defendant was entitled to a downward departure based on family circumstances given the court's findings of extraordinary family needs). Furthermore, the Third Circuit has held that there is no requirement that the circumstances be extra-ordinary in order to qualify for a downward departure. *See Dominguez,* 296 F.3d at 195 ("We therefore reject the government's apparent suggestion that a family circumstance departure requires circumstances that are not merely extraordinary, but extra-extraordinary....").

In a non-precedential opinion, the Third Circuit recently held that a district court did not abuse its discretion by sentencing a defendant charged with illegally entering the United States below the applicable guideline range. *United States v. Alba,* 2002 WL 522819, 38 Fed.Appx. 707 (3d Cir.2002). In *Alba,* the district court noted that the defendant reentered the country to visit his 16 year old son. Because of the defendant's purpose in reentering the

country and the forthright manner in which he did so, the district court departed downward five levels and sentenced the defendant to 30 months rather than within the applicable range of 51 to 63 months. The Third Circuit wrote: "When viewed collectively and in tandem with the manner of Alba's reentry, these factors support the District Court's conclusion that this case presented mitigating circumstances to a degree sufficiently exceptional to warrant a departure." *Alba,* 2002 WL 522819 at *5, 38 Fed.Appx. 707. As in *Alba,* the circumstances surrounding Mr. Singh's reentry present mitigating factors sufficiently exceptional to warrant a downward departure of five levels.[5]

The purpose behind 8 U.S.C. § 1326 is "to provide a greater deterrence to illegal entry by a deportee who has earlier committed a serious crime while in the United States." *United States v. Zelaya,* 293 F.3d 1294, 1298 (11th Cir.2002); *United States v. Hernandez–Guerrero,* 147 F.3d 1075, 1078 (9th Cir.1998) (quoting *United States v. Cooke,* 850 F.Supp. 302, 306 (E.D.Pa.1994)). When determining a particular sentence, a court shall consider the need for the sentence

> to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

---

to be by his mother's side while she underwent major surgery for a terminal illness. As evidenced by her failure to regain consciousness, this was the last opportunity for the defendant to visit his mother. These motives are not suspect and the government's implications to the contrary are unfounded.

**5.** *Alba* is an unpublished, nonprecedential opinion, and the Third Circuit does not cite to its unreported opinions as authority. Third Circuit Internal Operating Procedure 5.7. Third Circuit Internal Operating Procedure 5.3 describes a nonprecedential opinion as one that "appears to have value only to the trial court or the parties...."

18 U.S.C. § 3553(a)(2). Twenty-one months imprisonment is adequate punishment to deter this defendant from attempting to reenter the country in the future and a longer sentence would not serve any further rehabilitative purpose. Furthermore, Mr. Singh poses no threat to society. A sentence within the applicable guideline range is too high for Mr. Singh's victimless crime of reentering the United States to see a dying parent.

### III. Conclusion

This court finds that a sentence of twenty-one months imprisonment is "minimally sufficient to satisfy concerns of retribution, general deterrence, specific deterrence, and rehabilitation." *United States v. Kikumura,* 918 F.2d 1084, 1111 (3d Cir.1990).

An appropriate Order follows.

### ORDER

**AND NOW,** this 10th day of October, 2002, it is hereby **ORDERED** that the defendants motion for a downward departure is **GRANTED.** The defendant is sentenced to 21 months imprisonment.